IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

APRIL CARLISLE                                                                               PLAINTIFF

V.                                          NO. 11-5265

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, April Carlisle, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on November 20, 2008, due to "Depression, anxiety attacks, and high blood pressure." (Tr. 145,159). An administrative hearing was held on February 25, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 26-55).

By written decision dated August 27, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: asthma; hypertension; and major depressive disorder. (Tr. 10). However, after reviewing all of the

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. She can understand, remember, and carry out simple, routine, and repetitive tasks. She can respond appropriately to supervisors, co-workers, and usual work situations, but is to have occasional contact with the general public. She can perform low stress work (defined as occasional decision-making and occasional changes in work place settings).

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform work as a housekeeper; small product assembler, and inspector/tester. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 27, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff claims that the ALJ committed reversible error by ignoring or choosing to disregard Dr. Terry L. Efird's diagnosis of chronic, severe PSTD, and a GAF indicating serious impairment.

On April 2, 2009, Dr. Efird conducted a Mental Diagnostic Evaluation of Plaintiff. (Tr. 271-274). In his report, Dr. Efird reported that Plaintiff denied taking psychiatric medications at that time, although she reported having been prescribed Zoloft. (Tr. 272). She reported that she was unable to afford medication. (Tr. 272). Dr. Efird further reported that Plaintiff's ability to perform basic self-care tasks satisfactorily was endorsed and that Plaintiff could primarily perform household chores adequately. (Tr. 272). Dr. Efird further reported that Plaintiff's last full time job was for a janitorial service about 1.5 years previously, and after six months on the job, she had to resign, secondary to not having transportation. (Tr. 272). Dr. Efird believed that the fund of general information suggested Plaintiff probably had borderline to low average intellectual functioning. (Tr. 273). Dr. Efird diagnosed Plaintiff as follows:

> Axis I:   major depressive disorder, recurrent, severe, with possible psychotic features; PTSD [post traumatic stress disorder], chronic, severe

>    Axis II:     deferred
>    Axis V:      42-52

(Tr. 274). Dr. Efird stated that Plaintiff reported primarily being able to drive adequately. However, he reported that difficulties with mental control most likely impaired the ability to drive unfamiliar routes, at least to some extent. (Tr. 274). Dr. Efird also stated that Plaintiff's ability to shop independently was denied; the ability to handle personal finances satisfactorily was endorsed; the ability to perform most activities of daily living was satisfactorily endorsed; and that Plaintiff maintained being fairly socially isolated. (Tr. 274). Dr. Efird further found that Plaintiff had the capacity to perform basic cognitive tasks required for basic work like activities; her attention/concentration was probably adequate, unless distressed; Plaintiff could most likely persist with tasks if desired, if not emotionally distressed; and that Plaintiff's ability to complete most tasks within an adequate time frame would also be impacted by emotional distress as well. (Tr. 274).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

AO72A
(Rev. 8/82)

addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In his decision, the ALJ gave controlling weight to the opinions of Plaintiff's treating physicians, who found Plaintiff to have hypertension. (Tr. 16). He also found that Plaintiff's asthma appeared to be well controlled with medication. (Tr. 16). The ALJ noted that all mental health professionals, whether treating or not, assessed Plaintiff with some type of depressive disorder, but that there was disagreement as to the type and extent of the disorder. (Tr. 16). The ALJ stated that he carefully considered all opinions submitted in conjunction with the subjective complaints of Plaintiff and found persuasive the opinion rendered by Dr. Efird. (Tr. 16). He found Dr. Efird's opinion was based upon both a review of records and upon an examination of the claimant, and found Plaintiff had major depressive disorder. (Tr. 16).

Plaintiff argues that the ALJ failed to mention Dr. Efird's diagnosis of severe PTSD or that Plaintiff's GAF was 42-52, which indicated serious symptoms. The ALJ stated that he considered all of the mental health professionals' opinions, and all of them diagnosed Plaintiff with some type of depressive disorder. The fact that Dr. Efird is the only mental health professional that gave the PTSD diagnosis is significant, as well as the fact that Dr. Efird's further findings confirm the fact that Plaintiff could function in the workplace unless perhaps, she was distressed. The ALJ carefully considered this factor when he included in his RFC assessment the fact that Plaintiff could perform low stress work. (Tr. 13).

The fact that the ALJ did not mention the GAF score given by Dr. Efird does not require reversal. The ALJ gave a comprehensive analysis of the medical evidence. The fact that only

AO72A
(Rev. 8/82)

one GAF score was given in the record, coupled with the fact that the ALJ noted Plaintiff was able to perform certain daily activities, all lead the Court to believe that the ALJ's failure to reference Plaintiff's GAF score does not require reversal. See Wright v. Astrue, No. 12-1198, 2012 WL 4840766 at *1 (8th Cir. Oct. 12, 2012)(holding that given the ALJ's comprehensive analysis of the medical evidence, the infrequency of the GAF scores, the range of the GAF scores, plaintiff's conflicting activities, and the conflicting medical evidence relied upon by the ALJ, the ALJ's failure to reference plaintiff's GAF scores did not require reversal). It is also noteworthy that the ALJ's RFC assessment limits Plaintiff to work performed that is simple, routine, and included repetitive tasks, that Plaintiff's interaction with others should be limited to supervisors and co-workers, and that she should have only occasional interaction with the general public, and be limited to low stress work. This RFC assessment takes into account all of the impairments, both physical and mental, supported by the record.

The Court finds there is substantial evidence to support the weight and analysis given to Dr. Efird's opinion and to support the ALJ's RFC assessment.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

IT IS ORDERED this 7th day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)